SOLOMON MOSES AND OTHERS, RESPONDENTS, v. PETER BOWE, SHERIFF, ETC., APPELLANT.

*Pleading — complaint in an action for conversion — when it states facts sufficient to constitute a cause of action.*

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial.

The court at General Term said : " The disposition of these appeals depend upon the construction and effect to be given to the complaint in the action. When the trial was brought on, a motion was made to dismiss the action for the reason that the complaint failed to state facts sufficient to constitute a cause of action. This application was properly denied, for after containing the allegations that the plaintiffs were co-partners in business and that the defendant was the sheriff of the city and county of New York, the complaint proceeded as follows :

" *Third.* That on or about the 22d day of April, 1882, the defendant, as sheriff of the city and county of New York, took from the plaintiffs a large quantity of goods and chattels, consisting of one hundred and thirteen cases of hats owned by and the property of the plaintiffs, of the value of thirteen hundred and ninety-one dollars twenty-two cents, and wrongfully detains the same, to the damage of the plaintiffs two thousand dollars.

" These allegations, while they are not very artistically made, did contain such a statement of facts as constituted a cause of action against the defendant. The averment that the defendant took the property from the plaintiffs, for the value of which judgment was demanded, was equivalent to an allegation that it had been wrongfully taken by him from the possession of the plaintiffs. This was held to be the effect of such an averment in *Childs* v. *Hart* (7 Barb., 370, 372). It was, in its form and effect, an allegation of an act of trespass on the part of the defendant by which he dispossessed the plaintiffs of their property, and as they added the averment of title in themselves, and that the property was wrongfully detained by the defendant, the requisite facts were stated from which they were

entitled to recover the value of the property as that was alleged in the complaint. These facts were all that could be required to be proved to entitle the plaintiffs to maintain their action. The case was entirely different from that of *Scofield* v. *Whitelegge* (49 N. Y., 259), for the complaint in that case contained no allegation of title in the plaintiff, and none of the taking of the property from them or from their possession. Adding these facts it was conceded would have presented a sufficient complaint to entitle the plaintiffs to maintain the action within the authority of *Levin* v. *Russell* (42 N. Y., 251). Such a statement of the facts of that case was elaborated and completed in the opinion in *Scofield* v. *Whitelegge* (*supra*), and that such a complaint could not be dismissed at the trial on the ground of its insufficiency was also held in *Treat* v. *Hathorn* (3 Hun, 646)."

*Melville H. Reyensburger*, for the appellant.

*Rudolph Sampter*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.